IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AMERICAN PATENTS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:21-cv-00716-ALM |
| | § | |
| CALAMP WIRELESS NETWORKS | § | |
| CORPORATION, | § | JURY TRIAL REQUESTED |
| | § | |
| Defendant. | § | |

**CALAMP WIRELESS NETWORKS CORPORATION'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(3), OR IN THE ALTERNATIVE,
TO TRANSFER PURSUANT TO 28 U.S.C. § 1406(a)**

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................. 1

II. FACTUAL BACKGROUND ............................................................................................... 1

III. LEGAL STANDARD ........................................................................................................... 2

IV. ARGUMENT ........................................................................................................................ 4

    A. The Court should dismiss the claims against CalAmp Wireless because the Eastern District of Texas is an improper venue for the parties' dispute. ................. 4

    B. Alternatively, if the Court finds it in the interests of justice to transfer the case under 28 U.S.C. § 1406(a), this action should be transferred to the Central District of California ............................................................................................................. 8

V. CONCLUSION .................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ambraco, Inc. v. Bossclip B.V.*,
   570 F.3d 233 (5th Cir. 2009) ................................................................................................3

*Andra Group, LP v. Victoria's Secret Stores, LLC*,
   6 F.4th 1283 (Fed. Cir. 2021) ...............................................................................................3

*Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*,
   571 U.S. 49 (2013) ................................................................................................................2

*Caldwell v. Palmetto State Sav. Bank of S.C.*,
   811 F.2d 916 (5th Cir. 1987) ................................................................................................4

*In re Cray, Inc.*,
   871 F.3d 1355 (Fed. Cir. 2017) .....................................................................................3, 4, 7

*Fujitsu Ltd. v. Tellabs, Inc.*,
   639 F.Supp.2d 761 (E.D. Tex. 2009) ....................................................................................8

*Goffe v. Blake*,
   605 F. Supp. 1151 (D. Del. 1985) .........................................................................................3

*In re Google, LLC*,
   949 F.3d 1338 (Fed. Cir. 2019) .........................................................................................3, 7

*Kranos IP Corp. v. Riddell, Inc.*,
   No. 2:17-CV-443-JRG, 2017 WL 3704762 (E.D. Tex. Aug. 28, 2017) ................................3

*Preston Expl. Co., L.P. v. GSF, L.L.C.*,
   669 F.3d 518 (5th Cir. 2012) ................................................................................................6

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
   137 S. Ct. 1514 (2017) ..........................................................................................................2

*Van Dusen v. Barrack*,
   376 U.S. 612 (1964) ..............................................................................................................3

*Westech Aerosol Corp. v. 3M Co.*,
   927 F.3d 1378 (Fed. Cir. 2019) ............................................................................................3

*Wright v. Comm'r of Soc. Sec.*,
   No. 07-CV-15403-DT, 2008 WL 2246043 (E.D. Mich. May 30, 2008) ..............................3

**Statutes**

Federal Rule of Civil Procedure 12(b)(3) ..................................................................................1, 2, 3

28 U.S.C. § 1400(b) ...................................................................................................................2, 3, 4

28 U.S.C. § 1404(a) .........................................................................................................................3, 4

28 U.S.C. § 1406(a) ...................................................................................................................1, 3, 4, 8

35 U.S.C. § 271 ......................................................................................................................................8

**Other Authorities**

15 Wright, Miler & Cooper, *Fed. Prac. & Proc.* § 3844 (4th ed.) ......................................................4

I.      INTRODUCTION

Defendant CalAmp Wireless Networks Corporation ("CalAmp Wireless") files this Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(3), or in the Alternative, to Transfer Pursuant to 28 U.S.C. § 1406(a) ("the Motion").  This lawsuit asserts patent infringement claims against a company with no physical presence in the Eastern District of Texas, which is incorporated in the State of Delaware, and which has its principal place of business in the State of California.  Because Plaintiff American Patents, LLC ("American Patents") filed this lawsuit in the wrong jurisdiction, this Court should dismiss this action for improper venue.  Alternatively, because venue does not lie in this District, the Court could exercise its discretion to transfer this action to the Central District of California—the District in which CalAmp Wireless and most of its employees are physically located.

II.     FACTUAL BACKGROUND

Defendant CalAmp Wireless is a Delaware corporation with its headquarters and principal place of business in Irvine, California. Ex. A (Douglas Peterson Decl.) ¶ 2. The majority of CalAmp Wireless' engineers work in the company's facility in Carlsbad, California, while most of its sales and finance personnel are located in the Irvine, California office. Ex. A ¶ 4.

On September 15, 2021, American Patents filed the present lawsuit in the Eastern District of Texas against CalAmp Wireless, alleging patent infringement. *See* ECF No. 1 ("Complaint"). CalAmp Wireless does lease an office in Richardson, Texas (Ex. A ¶¶ 3, 5), which Plaintiff attempts to use to establish venue for this case (Compl. ¶ 10). However, this office space is *not* located within the Eastern District of Texas—it is located in Dallas County, which is within the Northern District of Texas.[1]  Specifically, CalAmp Wireless's Richardson office has a postal

---

[1] https://www.txnd.uscourts.gov/city-data/dallas-county (indicating that Dallas County is a county that lies within the Dallas Division of the Northern District of Texas.)

address of 2400 North Glenville Drive, Richardson, Texas. Ex. A ¶ 5; Ex. A-1 ("the Lease") at 2. Although this address covers an entire four-building complex, CalAmp Wireless's office space is entirely within Building B of the complex, in Suite B-225.  Compl. ¶ 10; Ex. A ¶¶ 5-8; Ex. A-1 at 2; Ex. A-2.[2] The four buildings which comprise 2400 North Glenville Drive lie almost exclusively within Dallas County, Texas, which is not located in the Eastern District of Texas, but instead is located in the Northern District of Texas. *See* Ex. B-1 (Collin County Map). The one exception is Building A, which appears to reach across the county line into Collin County, Texas, in the Eastern District of Texas. Ex. B-1. But CalAmp Wireless's leased portion of the property and physical presence is entirely within Building B, which lies outside the Eastern District of Texas.

### III. LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(3), a party may move to dismiss a case for improper venue. *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 55 (2013). Venue in patent infringement cases is governed by 28 U.S.C. § 1400(b). *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1519 (2017) (holding § 1400(b) "is the sole and exclusive provision controlling venue in patent infringement actions"). Under § 1400(b), venue is only proper: (1) in a district in which the corporation resides; or (2) "where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

For purposes of the first prong of § 1400(b), a domestic corporation's residence is limited to its state of incorporation. *TC Heartland*, 137 S. Ct. at 1517. Alternatively, to show that a defendant has a regular and established place of business in a particular district, a plaintiff must show that three requirements are met: "(1) there must be a physical place in the district; (2) it must

---

[2] The landlord originally identified CalAmp Wireless's office space as "B-200," but later renumbered it to be "B-225."  *Compare* Ex. A-1 (the Lease) at 2 ("B-200") *with* Ex. A-2 (August 16, 2019 lease amendment, which changed "Suite No. B-200" to "Suite No. B-225").

be a regular and established place of business; and 3) it must be the place of the defendant." *In re Cray, Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). In turn, in order to meet the "regular and established place of business" requirement, the plaintiff must show that the defendant's employees are regularly and physically present at the location. *In re Google, LLC*, 949 F.3d 1338, 1345 (Fed. Cir. 2019). These requirements are to be construed strictly and narrowly, and if any of the three requirements are not met, venue is improper. *Andra Group, LP v. Victoria's Secret Stores, LLC*, 6 F.4th 1283, 1287 (Fed. Cir. 2021).

When a defendant in a patent lawsuit raises an objection to venue, the plaintiff has the burden of establishing that venue is proper under 28 U.S.C. § 1400(b). *Westech Aerosol Corp. v. 3M Co.*, 927 F.3d 1378, 1381-82 (Fed. Cir. 2019). In evaluating a motion to dismiss under Rule 12(b)(3), courts are "permitted to look at evidence in the record beyond simply those facts alleged in the complaint." *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009). Well-pleaded facts in a complaint are accepted as true, but "only to the extent that such facts are uncontroverted by [a] defendant's affidavit." *Kranos IP Corp. v. Riddell, Inc.*, No. 2:17-CV-443-JRG, 2017 WL 3704762, at *2 (E.D. Tex. Aug. 28, 2017) (citing and quoting *Pierce v. Shorty Small's of Branson Inc.*, 137 F.3d 1190, 1192 (10th Cir. 1998)). If a court determines that venue is improper, it must either dismiss the action or, "if it be in the interests of justice, transfer such to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).[3] Whether to

---

[3] Although courts often transfer cases pursuant to 28 U.S.C. § 1404, that provision is inapplicable where, as here, venue was improper in the first place. *Goffe v. Blake*, 605 F. Supp. 1151, 1160 (D. Del. 1985) ("transfer under 28 U.S.C. § 1404(a) presupposes that venue in the transferor forum is proper while 28 U.S.C. § 1406(a) addresses the situation where, as here, venue in the transferor forum is improper"); *Wright v. Comm'r of Soc. Sec.*, No. 07-CV-15403-DT, 2008 WL 2246043, at *2 (E.D. Mich. May 30, 2008) ("In short, a transfer under § 1404 must be from proper district to proper district and a transfer under § 1406 must be from improper district to proper district."); *see Van Dusen v. Barrack*, 376 U.S. 612, 634 (1964) ("[a]lthough both sections were broadly designed to allow transfer instead of dismissal, § 1406(a) provides for

dismiss for improper venue, or alternatively to transfer venue to a proper court, is a matter within the sound discretion of the district court. *See Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987).

IV. **ARGUMENT**

    A. **The Court should dismiss the claims against CalAmp Wireless because the Eastern District of Texas is an improper venue for the parties' dispute.**

This motion presents a simple question of venue: may CalAmp Wireless be sued for patent infringement in the Eastern District of Texas when its Richardson office (and only physical presence in the State of Texas) is *not* located within the Eastern District of Texas, but instead located solely on territory within the Northern District of Texas? The answer is "no," and does not change simply because one wall of an adjacent building in the complex (in which CalAmp Wireless does not have any physical presence) straddles the line between Dallas and Collin counties.

Here, Plaintiff admits that CalAmp Wireless is a Delaware corporation (Compl. ¶ 2), and thus CalAmp Wireless does not "reside" in the Eastern District of Texas. As such, venue in this District is not proper under the first prong of § 1400(b). *See In re Cray*, 871 F.3d at 1360.

Venue in this District is also improper under the second prong of § 1400(b), as CalAmp Wireless does not have a "physical place" and regular and established place of business in the Eastern District of Texas (i.e., Collin County). American Patents relies on CalAmp Wireless's Richardson office space located at 2400 North Glenville Drive, Suite B-225 (or 225B), Richardson, Texas 75082 to establish venue. Compl. ¶ 10. CalAmp Wireless does not dispute it

---

transfer from forums in which venue is wrongly or improperly laid, whereas, in contrast, § 1404(a) operates on the premise that the plaintiff has properly exercised his venue privilege"); 15 Wright, Miler & Cooper, *Fed. Prac. & Proc.* § 3844 (4th ed.) ("If venue in the district court is improper, transfer, if it is to be made at all, must be made under . . . 28 U.S.C. § 1406(a)").

has an office at this location. However, American Patents' averment that "[t]he building having that address is in Collin County" (Compl. ¶ 10) is incorrect. Rather, as outlined below and demonstrated in the accompanying declaration and exhibits, CalAmp Wireless's office space at this location is wholly within Dallas County (not Collin County), and thus not within the jurisdiction of the Eastern District of Texas. *See* Exs. A (Peterson Decl.), A-1 (the Lease), B-1 (Collin/Dallas County Map).

Exhibit B-1 is an annotated screenshot from the Collin County Interactive Map that depicts the commercial complex located at 2400 North Glenville Drive, Richardson, Texas 75082, and shows how CalAmp Wireless's office space in Building B, suite B-225, is not within Collin County, but instead is wholly within Dallas County. Ex. B-1 (excerpt from *Collin County Interactive Map*, https://gis.collincountytx.gov/ccmap/main.html (last visited Nov. 11, 2021)). As shown, the commercial complex includes four buildings—Buildings A through D. *Id*. (Ex. B-1, Yellow Box). CalAmp Wireless leases suite B-225, which is located entirely within "Building B" (Ex. B-1, Blue Box). Ex. A ¶¶ 7-8; Ex. A-1; Ex. B. As the map at Exhibit B-1 shows, buildings B, C, and D are located entirely in Dallas County. Although Building A is substantially within Dallas County, the northernmost wall (Ex. B-1, Green Box) appears to stretch into Collin County, the boundary of which is depicted in Ex. B-1 with a horizontal, dotted line:



**Excerpt from Ex. B-1 (Collin/Dallas County Map)**

Simply put, CalAmp Wireless's "physical place" in Building B is located solely in Dallas County, outside the Eastern District of Texas, and no portion of Building B crosses over the line into Collin County. Ex. B-1. Moreover, the Lease distinguishes between each building in the complex, describing Building B as a legally separate and distinct building from the other buildings. For example, the Lease states that CalAmp Wireless's leasehold is confined and limited to "Suite No. B-200 . . . in the building commonly known as ***2400 Glenville – Building B*** . . . whose street address is 2400 N. Glenville Drive, Richardson, Texas 75082." Ex. A-1 at 2 (emphasis added). Accordingly, while Building B may have the same street address as the other buildings, the Lease makes clear that Building B is a legally discrete and distinct building.[4]

---

[4] *Cf. Preston Expl. Co., L.P. v. GSF, L.L.C.*, 669 F.3d 518, 522 (5th Cir. 2012) ("A property description is sufficient if the writing furnishes within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty.").

**DEFENDANT'S MOTION TO DISMISS**  Page 6

Furthermore, Exhibit A to the Lease graphically distinguishes the space leased to CalAmp Wireless from other buildings in the complex. Ex A-1 at 4.



**Excerpt from Ex. A-1 at 4 (Lease)**

This depiction further supports the conclusion that CalAmp Wireless's offices are only in Building B, and are legally distinct from Buildings A, C and D.

Furthermore, no CalAmp Wireless employees are regularly and physically employed in Collin County, Texas. Ex. A ¶ 6. Without the regular and physical employment of employees or agents in a district, venue cannot lie for a patent infringement case. *See In re Google, LLC*, 949 F.3d at 1345.

For at least these reasons, CalAmp Wireless does not have a "physical place" or "regular and established place of business" located *within the Eastern District of Texas*—a critical component of establishing venue under *In re Cray*. Because this case was filed in the wrong venue it should be dismissed.

**B.  Alternatively, if the Court finds it in the interests of justice to transfer the case under 28 U.S.C. § 1406(a), this action should be transferred to the Central District of California**

Alternatively, to the extent the Court transfers the case, it is within the sound discretion of this Court and in the interest of justice to transfer this case to the U.S. District Court for the Central District of California.

First, the case "might have been brought" in the Central District of California as there is subject matter jurisdiction, personal jurisdiction, and venue. *See Fujitsu Ltd. v. Tellabs, Inc.*, 639 F.Supp.2d 761, 765 (E.D. Tex. 2009). Specifically, the transferee forum can hear this federal cause of action arising under at least 35 U.S.C. § 271; personal jurisdiction over CalAmp Wireless is proper because of CalAmp Wireless's Irvine, California headquarters and principal place of business; and venue is proper as CalAmp Wireless sells its products in this District, thus qualifying as a location where the alleged acts of infringement occurred.

Second, it is in the interest of justice to transfer the case to the Central District of California for the convenience of the parties and witnesses. CalAmp Wireless's corporate headquarters are in Irvine, California. Ex. A ¶ 2. Similarly, so are the majority of CalAmp Wireless's sales and finance personnel. *Id*. ¶ 4. Thus, while CalAmp Wireless is still investigating American Patents' claims, it is reasonable to assume that at least some relevant personnel, including those CalAmp Wireless may list on its initial disclosures and potentially call to testify at trial, are located in the Central District of California. Likewise, the majority of documents that such witnesses and finance personnel may have are located in the Central District of California. Requiring these personnel to travel to Texas—bringing with them hard copy papers and documents—only incurs unnecessary expense and inconvenience.

Moreover, the majority of CalAmp Wireless's engineers are located in Carlsbad, California, approximately 50 miles from Irvine, California. These potential CalAmp Wireless

witnesses and any hard documents that they may rely upon in the case (such as engineering lab books and documents demonstrating product development and workings) would only be an hour drive away from the Central District of California, instead of a daylong trip to Texas. Accordingly, as CalAmp predicts that most relevant witnesses are located in Irvine or Carlsbad, Plaintiff cannot deny that it would be substantially more convenient for the witnesses and their associated documents to have this case in the Central District of California.

By contrast, American Patents' does not appear to have significant ties to Texas. Google maps street view indicates that American Patents' purported Tyler address (2325 Oak Alley, Tyler, Texas, 75703) (Compl. ¶ 1) appears to be a single-story house converted into office space which multiple other companies all occupy. *2325 Oak Alley – Google Maps*, https://www.google.com/maps/place/2325+Oak+Alley,+Tyler,+TX+75703 (last visited Nov. 29, 2021). Specifically, exterior signage indicates that "The Scates Group," "Sitewatch" and "Texas Excavating" all have office space within the small house. *Id*. The signage does not list American Patents. *Id*. While the Complaint failed to include American Patents' suite number, it is reasonable to assume that American Patents office space is small and limited in size. CalAmp Wireless was not able to find a website for American Patents, indicating that Plaintiff is a non-practicing entity with minimal employees and overhead. Such facts reflect American Patents' limited ties to Texas, and demonstrate the minimal inconvenience to Plaintiff if the case is transferred to the Central District of California.

Moreover, American Patents claims that the technology behind the patents in suit was developed by personnel at Georgia Institution of Technology. Compl. ¶¶ 11-12. Additionally, on information and belief, the inventors listed on the face of the patent are located in Georgia. To the

extent there are witnesses in Georgia, it will be just as convenient for them to travel to California as it would be for them to travel to Texas.

Simply put, the Central District of California is more convenient for the likely witnesses and documents that CalAmp Wireless that will need to gather and use in this case.

## V.   CONCLUSION

For the foregoing reasons, CalAmp Wireless respectfully requests that the Court grant its Motion to Dismiss for improper venue, or, in the alternative, to transfer the dispute to the Central District of California, and grant it such other and further relief as the Court deems just and proper.

Date: November 29, 2021

Respectfully submitted,

**BARNES & THORNBURG LLP**

 /s/ David Lisch
David M. Lisch
Texas Bar No. 24077179
david.lisch@btlaw.com
2121 N. Pearl Street, Suite 700
Dallas, TX  75201
Tel: (214) 258-4200
Fax: (214) 258-4199

*Counsel for Defendant CalAmp Wireless Networks Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's CM/ECF system on November 29, 2021.

 /s/ David Lisch